WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bernaleen Singer, | No. CV-19-08171-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Office of Navajo and Hopi Indian Relocation, | |
| Defendant. | |

Before the Court is the Office of Navajo and Hopi Indian Relocation's ("ONHIR") motion for leave to conduct limited discovery for fees and for an extension of time to respond to Plaintiff's motion for attorney fees, which is fully briefed. (Docs. 54, 55, 56.) ONHIR requested that counsel produce their retention agreement and billing receipts in this matter, but counsel has declined to produce them, broadly citing the attorney-client privilege. Without access to the retention agreement and billing receipts, ONHIR asserts that it has been unable to verify whether the Navajo Nation, rather than Ms. Singer, is the real party in interest relevant to the Equal Access to Justice Act ("EAJA") fee request. ONHIR argues that, if the Navajo Nation is indeed the real party in interest, the fee petition is invalid. Fee-related discovery requests are "committed to the sound discretion of the trial court." *Sablan v. Dep't of Fin. Of Com. Of N. Mariana Islands*, 856 F.2d 1317, 1321 (9th Cir. 1988). The Court will grant ONHIR's motion.

"The attorney-client privilege ordinarily protects neither a client's identity nor information regarding the fee arrangements reached with that client." *Reiserer v. U.S.*, 479 F.3d 1160, 1165 (9th Cir. 2007) (quoting *United States v. Horn*, 976 F.2d 1314, 1317 (9th Cir. 1992)).  However, "the privilege may be invoked to protect fee arrangements if disclosure would 'convey [] information which ordinarily would be conceded to be part of the usual privileged communication between attorney and client.'" *Nelson v. Millenium Lab., Inc.*, Case No. 2:12-cv-01301-SLH, 2013 WL 11687684, at *5 (D. Ariz. May 17, 2013).  Plaintiff has not demonstrated that this narrow exception applies.  Instead, she contends that the discovery is inappropriate because ONHIR legally cannot be a party in interest and Ms. Singer is entitled to recover fees under the EAJA, regardless of the nature of the fee agreement and the actual payments made.  While the parties disagree as to the merits of these issues, the Court prefers to examine them on the facts of this case, rather than in the abstract.

Accordingly, ONHIR is granted leave to serve no more than ten requests for production on Plaintiff's counsel by no later than December 4, 2020 to obtain the fee agreement and billing receipts.  Plaintiff must produce the responsive documents to ONHIR no later than December 7, 2020.  If Ms. Singer believes that specific billing entries are privileged, she may redact that material, provided that she includes a privilege log to enable ONHIR to challenge assertions of privilege.  ONHIR must file a response to Plaintiff's motion for fees (Doc. 53) by no later than December 21, 2020.  Plaintiff's reply is due no later than January 4, 2021.

Finally, Plaintiff's request that she be granted "equal discovery on ONHIR" is denied.  It is unclear what materials Plaintiff seeks to discover or how those documents are relevant to the instant inquiry.

/ / /

/ / /

/ / /

**IT IS ORDERED** that ONHIR's motion for leave to conduct limited discovery for fees and for an extension of time to respond to Plaintiff's motion for attorney fees (Doc. 54) is **GRANTED.**

Dated this 2nd day of December, 2020.

_____
Douglas L. Rayes
United States District Judge