**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bernaleen Singer,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Office of Navajo and Hopi Indian Relocation,<br><br>　　　　　Defendant. | No. CV-19-08171-PCT-DLR<br><br>**ORDER** |

　　　　Before the Court is Bernaleen Singer's motion for attorneys' fees, which is fully briefed. (Docs. 53, 62, 63, 69.) Because the Office of Navajo and Hopi Indian Relocation's ("ONHIR") legal position was substantially justified, Plaintiff's motion is denied.

　　　　Under the Equal Access to Justice Act ("EAJA"), the Court shall award reasonable attorney's fees to a party prevailing against the United States in civil actions, unless the United States' position is found to have been "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The EAJA "must be strictly construed in favor of the United States." *Ardestani v. INS*, 502 U.S. 129, 137 (1991). It is the government's burden to demonstrate that its position was substantially justified, but "the government's failure to prevail does not raise a presumption that its position was not substantially justified." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). Here, even if Ms. Singer were the real party in interest in this case, which is disputed and the Court declines to decide, an award of fees to Ms. Singer is nevertheless inappropriate

because ONHIR's position was substantially justified. "In analyzing the reasonableness of the government's position under the 'totality of the circumstances' test, we must look both to the position asserted by the government in the trial court as well as the nature of the underlying government action at issue." *Id.* (quoting *League of Women Voters of Cal. V. F.C.C.*, 798 F.2d 1255, 1258 (9th Cir. 1986). Thus, "the inquiry into the existence of substantial justification [] focus[es] on two questions: first, whether the government was substantially justified in taking its original action; and second, whether the government was substantially justified in defending the validity of the action in court." *Id.* The Court will address both questions, in turn.

Beginning with the original action, ONHIR denied Ms. Singer's application for relocation benefits on October 11, 2005, finding that she failed to meet the "head of household" requirement before July 7, 1986. On appeal, Ms. Singer argued that she was entitled to relocation benefits because, even though her ceremonial marriage occurred prior to her sixteenth birthday, her common law marriage rendered her a head of household prior to July 7, 1986. However, the independent hearing officer ("IHO") upheld ONHIR's denial, concluding that 9 N.N.C § 5(2)—providing that women must be at least sixteen years old before marriage, unless pregnant—was plain on its face, and that a common law marriage exception was not recognized therein.

This Court in its August 6, 2020 order explained, "the presentation of the common law marriage issue to the IHO was not a model of clarity [] and even after reviewing the administrative record and hundreds of pages of additional briefing, conducting independent research, and presiding over oral argument, [this Court] arrives at its conclusion with caution." (Doc. 48 at 5.) In so stating, this Court acknowledged the complexity of the issues before the IHO and implied that it was reasonable for the IHO to rely on the plain language of 9 N.N.C § 5(2) in rendering his decision. The facts that ONHIR chose to adopt a new approach at this stage of the litigation by conceding that 9 N.T.C. § 61 (1977) recognized a common law marriage exception and that this Court ultimately remanded the

action do not render the IHO's decision unreasonable.[1] To the contrary, the government's original action was substantially justified.

Turning to the instant action, ONHIR was substantially justified in defending the denial of Ms. Singer's relocation benefits, even though its defense was ultimately unsuccessful. At oral argument, ONHIR conceded that the Navajo Code did recognize common law marriage during the relevant period and that Ms. Singer was a party to a common law marriage before the relevant deadline. However, ONHIR argued that Ms. Singer nevertheless did not qualify for benefits because she failed to submit a judgment pursuant to 9 N.T.C. § 62 evidencing the validity of her common law marriage to the IHO. In contrast, Ms. Singer contended she was not required to do so because 9 N.T.C. § 61 rendered all common law marriages automatically valid from their inception and she had other evidence to prove the validity of her marriage. The Court found this statutory interpretation issue so complex that it considered certifying questions to the Navajo Supreme Court. (Doc. 48 at 5.) Because the Court conceded that the issue was difficult to decide and subject to debate, it cannot be said that ONHIR's position was not "justified in the substance or in the main." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988). Accordingly,

**IT IS ORDERED** that Ms. Singer's motion for attorneys' fees (Doc. 53) is **DENIED.**

Dated this 22nd day of March, 2021.

_____
Douglas L. Rayes
United States District Judge

---

[1] Moreover, following the IHO's decision, the agency gave Ms. Singer the opportunity to seek reconsideration and to submit evidence of validation of her common law marriage to the Navajo court. However, Ms. Singer delayed for two years and failed to submit an order of validation by the deadline, leading the IHO to deny her motion for reconsideration.